# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-455V
Filed: October 19, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JULIE FEASTER, | * |
| Petitioner, | * |
| v. | * |
| | *  Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | *  Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.
*Ann Donohue Martin*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On May 4, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury resulting from vaccine administration ("SIRVA") as a result of the diphtheria-pertussis-tetanus vaccine she received on July 9, 2014. On June 6, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 29.)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 25, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 33). Petitioner requests attorneys' fees in the amount of $20,316.50 and attorneys' costs in the amount of $1,002.48 for a total amount of $21,318.98. *Id.* at 1. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

On July 11, 2016, respondent filed a response to petitioner's motion. (ECF No. 35). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000.00 to $14,000.00" but provides no basis or explanation for how she arrived at this proposed range. *Id.* at 3.

On July 21, 2016, petitioner filed a reply. (ECF No. 37). Petitioner argues that respondent has provided failed to raise any specific objection and disputes the credibility of respondent's proposed range of reasonable fees. (*Id.*) Petitioner requested compensation for a further three hours of attorney time spent in preparation of the reply, bringing the total amount of requested for attorneys' fees and costs to $22,563.98. (*Id.*, p. 5.)

On September 16, 2016, the undersigned issued a reasoned decision in *DiPietro v. HHS*, 15-742V, setting forth an hourly rate for petitioner's counsel, and petitioner was ordered to file an amended motion for attorneys' fees and costs including billing records reflecting that hourly rate. (ECF No. 38). Petitioner filed an amended motion for attorney's fees and costs on October 8, 2016. (ECF No. 40.) The amended motion requested attorneys' fees in the amount of $19,208.00 and costs in the amount of $1,002.48, for a total of $20,210.48.[3]

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

---

[3] This amount includes the three hours billed for preparing the above-mentioned reply brief as well as an additional 1.2 hours to prepare and submit the amended fee application. (ECF No. 40-1, p. 6.)

**Accordingly, the undersigned awards the total of $20,210.48[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Leah V. Durant, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.